Anoush Hakimi (State Bar No. 228858)
anoush@handslawgroup.com
Peter Shahriari (State Bar No. 237074)
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, California 90028
Telephone: (323) 672 – 8281
Facsimile: (213) 402 – 2170

Attorneys for Plaintiff,
**SHAWN BEDWELL**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shawn Bedwell, | Case No.: 5:20-cv-01672-JWH-KK |
| Plaintiff, | |
| v. | **PLAINTIFF'S CASE STATEMENT** |
| Riley LLC, a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

　　Pursuant to the Court's November 23, 2020, (ECF Document No. 21), Plaintiff provides the following Plaintiff's Case Statement

**A. FACTS**

　　Shawn Bedwell is paralyzed. His life path was changed by a back surgery which had a bad outcome, resulting in permanent and debilitating nerve damage to his spinal chord. Plaintiff needs a wheelchair or walker for mobility. His ability to

move objects with his upper body are also impaired. Defendants owned the property ("Property") located 12261 S Oak Glen Rd., Oak Glen, CA 92399, at all relevant times. There is a business establishment on the Property known as "Riley's Farm". Plaintiff visited the Property but when he did Defendants did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons. Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property.

### ITEMIZED LIST OF CONDITIONS

- The path of travel from the designated disabled parking space to the entrance has damaged ground which is uneven. The damaged ground has pavement distresses. Parts of the ground surface are not flush. The surface of the ground within the designated path of travel leading into the entrance is not flat. This makes traveling in this area difficult. The path of travel from the designated disabled parking space to the entrance runs into these pavement distresses which has caused changes in level greater than 1/2 inch but provides no ramps. These steep changes in level create uneven surfaces. 2010 CBC 1133B.7.4; ADA 2010 section 303.3.
- An accessible route of travel was not provided to all portions of the building, entrances and between the building and public way. 2010 CBC 1114B.1.2; 1991 ADA § 4.3.2(1);

PLAINTIFF'S CASE STATEMENT

- An accessible route of travel must be provided within the property boundary connecting public transport zones, parking, passenger loading zones and public streets or sidewalks they serve, to the building entrance. There was no accessible route connecting these elements for Plaintiff to travel: Even the exteriors of the building were not accessible.  2010 CBC 1114B.1.2; 1991 ADA § 4.3.2(1), 4.1.2(1);

- An additional sign must be posted in a conspicuous place at all entrances to off-street parking facilities at Property, or adjacent to and visible from each space. It was not. 2010 CBC 1129B.4(5);

- The Unauthorized Parking Towed Vehicle sign must state information regarding the tow company and telephone number. This information was not provided.  2010 CBC 1129B.4;

- Where parking is provided, a minimum number of accessible spaces are required in accord with the number of total spaces. They were not provided. 2010 CBC 1129B.1; 1991 ADA § 4.1.2(5);

- The parking space reserved for disabled persons is not located to minimize the travel distance. The parking spaces closest to the entrance of the business were not disabled reserved. The disabled reserved spaces were located farther.  2010 CBC 1129B.1; ADA 1991 Code § 4.6.2; ADA 2010 Code § 208.3.1.

- The paint used for the designated accessible parking space is so worn and aged, it cannot be seen. This makes it unclear where the actual parking space is. The required width dimensions were not painted as required. This makes it difficult for Plaintiff to park in the designated space. 2010 CBC Code Section 1129B.3; 1991 ADA § 4.6.3; ADA 2010 § 502.2.

- The parking space designated for disabled measures less than 9 feet wide. This makes it difficult for Plaintiff to park in the designated space. 2010 CBC Code 1129B.3; ADA 2010 § 502.2.

- The designated disabled parking spaces measure less than 18 feet long which makes it difficult for Plaintiff to park in the designated space. 2010 CBC Code 1129B.3; ADA 2010 § 502.2.

- The path of travel from the space reserved for disabled patrons, the ground surface is uneven, with changes in level exceeding 1/2". 2010 CBC Code 1133B.7.1; ADA 1991 Code § 4.6.8.

- There was also no marked path of travel from the disabled parking space to the entrance. There is no safe way for Plaintiff to park there and then travel to the entrance of the Property. Plaintiff is forced to travel a dangerous route, behind parked cars and in the vehicle drive path to move from the space to the entrance. 2010 CBC 1129B.3.1; ADA 2010 section 502.6; ADA § 4.6.3;

- The walk into the business does not have a minimum width of 48". 2010 CBC 1133B.7.1;

- Inside the building, the front door entrance threshold and weather strip has changes in level greater than 1/2 inch but provides no ramps. This makes traversing this area difficult. 2010 CBC Code 1133B.7.4; ADA 2010 § 303.3.

- At least 5% of all dining seating must meet minimum accessibility standards. This includes all areas/types of dining seating. All the areas were not made at least 5% accessible. 2010 CBC Section 1122B.4; ADA 1991 Code § 4.32.4; ADA 2010 Code § 902.4.1.

- Dining table seating should provide wheelchair accessible seating. Accessible tables must provide clear floor space of 30 inches by 48 inches to accommodate a single stationary wheelchair and occupant. 2010 CBC Section 1118B.4.1; ADA 1991 Code § 4.2.2.1; ADA 2010 Code § 604.7.

- Under the tables there must be at least 30 inches wide, 27 inches high and 19 inches clear knee room. 2010 CBC Section 1122B.3; ADA 1991 Code § 4.32.3; ADA 2010 Code § 902.4.1.

- The height of tables for accessible use must be between 28 inches and 34 inches from the floor. 2010 CBC Section 1122B.4; ADA 1991 Code § 4.32.4; ADA 2010 Code § 902.4.1.

- Access to accessible seating spaces must be provided with main aisle of a minimum of 36 inches clear width. 2010 CBC Section 1104B.5.4;

- The sanitary facilities was missing door signage indicating an accessible facility. 2010 CBC Section 1115B.6.

- At least 5% or at least one lavatory complying with accessibility requirements was not provided. 2010 CBC Section 1115B.3.1.3; ADA 1991 Code § 4.23.6

- The adjacent access aisles to all the designated disabled parking spaces are also less than 18 feet long. This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car. 1991 CA Title 24 1129B.4.2; 2010 CBC Code 1129B.3; ADA 2010 § 4.6.3.

- The adjacent loading/unloading access aisle to the designated disabled parking space is less than 5 feet wide. This makes it difficult for

> Plaintiff to use the adjacent space to safely disembark from the car. 1991 CA Title 24 1129B.4.2; 2010 CBC Code 1129B.3; ADA 2010 § 4.6.3.

- The adjacent loading/unloading access aisle for the accessible parking space is *missing entirely*. This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car. 2010 CBC 1129B.3.1; ADA 1991 Code § 4.6.3; ADA 2010 Code § 502.3

- The words "No Parking" are missing from the adjacent loading/unloading access aisle. They must be painted with letters at least 12" high. *As a result, non-disabled patrons park in the loading/unloading access aisle – blocking Plaintiff from being able to use the access aisle.* 2010 CBC Code 1129B.3.1.

- The sign warning of the minimum $250 fine for unauthorized parking in the designated disabled accessible parking space is missing entirely. 2010 CBC Code 1129B.4

- Although there is a sign showing where the designated accessible space parking is, it is not centered as required, but off to the side. The sign was posted away from the middle of the parking space, rather than centered at the space as required. This makes it more difficult for people and parking enforcement to determine which space is intended for the sole use of disabled persons. 2010 CBC Code 1129B.4; ADA 1991 § 4.6.4

- The door opening force was greater than 5 pounds (22.2 $N_1$), making it hard for Plaintiff to get inside the restroom. 2010 CBC Section 1133B.2.5; ADA 1991 Code § 4.13.11; ADA 2010 Code § 404.2.9.

- The toilet rear grab bar extending at least 12" on one side and 24" on the other side from the centerline was not provided. 2010 CBC Section 1115B.4.1.3.3.2

- The toilet rear grab bar of a minimum length of 36" long was not provided. 2010 CBC Section 1115B.4.1.3.3.2

- The toilet side grab bar a minimum of 42" long was not provided. 2010 CBC Section 1115B.4.1.3.3.1

### B. DAMAGES

Statutory Damages. Plaintiff seeks actual damages and statutory damages. Case precedent in this jurisdiction *directs courts to award statutory minimums of $4,000 per visit where the Plaintiff was discriminated against, even where a jury awards less than $4,000 per visit*.

### C. DAMAGES

Unfortunately, while the damages were initially modest when Plaintiff first filed this claim and sought to resolve this matter with the defendant, they have not been taken seriously by Defendant's and as a result continued litigation has ensued:

Attorney's Fees are available to recover under the ADA and the related California state statute. Plaintiff seeks attorney's fees and costs as litigation expenses as follows:

Statutory Damages (*not including deterred visits*): $12,000.

Attorney's Fees and Costs (e.g. process service, Chambers, copies and surveillance/investigation): $8,323.12

### D. DEMAND

Plaintiff makes a demand for, including but not limited to:

- Repaving the parking lot, paths of travel and walkways to give it an even surface.
- Providing an accessible marked route of travel.
- Providing 5% of all dining to meet accessibility Standards.
- Repainting lines for parking and accessible access aisle with correct measurements.
- Posting signage for off street parking.
- Providing signage with towed vehicle information and minimum fine.
- Providing the required amount of accessible spaces that minimize travel distance.
- Painting "No Parking" on the adjacent loading/unloading access aisle.
- Installing compliant ramps with correct landing measurements where needed.
- Providing compliant lavatories.
- Installing a restroom door with less than 5 pounds opening force.
- Installing a compliant toilet rear grab bar.

Plaintiff may also discover additional architectural barriers which he did not personally encounter yet and are not alleged thus far. If Plaintiff discovers additional violations, he will demand their compliance with the ADA also as allowed by case precedent.

Plaintiff's demand for damages and attorney's fees, including fees, litigation costs and expenses, is $22,430.

//

//

E. CONCLUSION

The above amounts are limited to attorney's fees and costs which have been incurred as of December 7, 2020. They do not include future expenses which will likely be incurred through the mediation date. A formal mediation will necessarily require the attendance of Plaintiff's counsel.

DATED:   December 7, 2020            THE LAW OFFICE OF HAKIMI & SHAHRIARI

                              By:   /s/ Peter Shahriari, Esq.
                                    PETER SHAHRIARI, ESQ.
                                    Attorneys for Plaintiff Shawn Bedwell